IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00984-BNB

JACK STAMM,

    Applicant,

v.

RON WILEY, Warden, Federal Prison Camp,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Jack Stamm is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Stamm initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on May 1, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On May 19, 2009, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus arguing that Mr. Stamm has failed to exhaust administrative remedies. Although he was given an opportunity to file a reply to the preliminary response, Mr. Stamm has not done so.

The Court must construe the application liberally because Mr. Stamm is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Stamm claims that the BOP categorically is denying eligible pre-release inmates like himself more than six months in a residential re-entry center (RRC) in violation of 18 U.S.C. § 3624(c) and 28 C.F.R. §§ 570.20 and 570.21. Mr. Stamm describes a "pre-release inmate" as an inmate with twelve months or less of his or her sentence remaining to be served. Mr. Stamm contends that federal law allows pre-release placements in an RRC for up to twelve months and that he is a perfect candidate for a maximum RRC placement.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Stamm. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

According to Respondent, Mr. Stamm has filed an administrative remedy request that relates to the claim he is raising in this action. Respondent further asserts that Mr. Stamm's administrative remedy request was denied at the institution level, that he filed a regional appeal that also was denied, and that he filed a national appeal. However, Respondent maintains that this action should be dismissed for failure to exhaust administrative remedies because Mr. Stamm filed the instant action before receiving a response to his national appeal. As noted above, Mr. Stamm has not filed a reply to the preliminary response. He concedes in the application that he has not exhausted administrative remedies.

Mr. Stamm argues in the application that this action should not be dismissed for failure to exhaust administrative remedies because exhaustion would be futile. He maintains that exhaustion would be futile because the BOP has predetermined the issue. In support of this argument, Mr. Stamm alleges that no inmate at the Florence prison camp has been granted an RRC placement longer than six months. Mr. Stamm also refers to a November 14, 2008, BOP memorandum, a copy of which is attached to the application, that he believes supports his argument that the BOP has predetermined the issue.

The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998). In the instant action, Mr. Stamm fails to convince the Court that exhaustion of administrative remedies would be futile.

3

Mr. Stamm's conclusory assertion that the BOP has not granted any inmate at the Florence prison camp an RRC placement longer than six months is insufficient to demonstrate exhaustion would be futile. **See Mackey v. Ward**, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). Of course, even if prison officials at the Florence prison camp categorically are denying maximum pre-release RRC placements to eligible inmates, that fact alone would not demonstrate that exhaustion of administrative remedies is futile because the BOP administrative remedy procedure includes two levels of review beyond institution staff.

The November 14 BOP memorandum cited by Mr. Stamm also fails to demonstrate that exhaustion would be futile because that memorandum relates to inmate requests for transfers to RRCs when they have more than one year of their sentence remaining to be served. The November 14 BOP memorandum does not address Mr. Stamm's claim that he, as a pre-release inmate with less than one year of his sentence remaining to be served, should be granted the maximum RRC placement of twelve months. In fact, the November 14 BOP memorandum includes a footnote referring to a separate BOP memorandum dated April 14, 2008, that instructs staff how to review inmates like Mr. Stamm for pre-release RRC placement during the final twelve months of their sentences.

Therefore, the Court finds that Mr. Stamm fails to demonstrate that exhaustion of administrative remedies would be futile or should be excused for some other reason. Nothing in the Court's file indicates that pre-release inmates like Mr. Stamm are not eligible for placement in an RRC for up to twelve months. The instant action will be

4

dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 29 day of June, 2009.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00984-BNB

Jack Stamm
Reg No. 03094-090
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/30/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk